UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PRIVAT AIR, S.A  and DELVAG                  :
LUFTFAHRTVERSICHERUNGS, AG,                  :
and its affiliated and associated companies, :
as subrogee of PRIVATAIR, S.A.,              :
                                             :
                            Plaintiffs,      :          **OPINION AND ORDER**
                                             :          05-CV-2213 (DLI)(RLM)
                                             :
            -against-                        :
                                             :
THE PORT AUTHORITY OF NEW YORK               :
AND NEW JERSEY,                              :
                                             :
                            Defendant.       :
                                             :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiffs Privat Air, S.A. and Delvag Luftahrtversicherungs, AG (collectively referred to as

("Privat Air") brought this action in diversity to recover for damage caused to one of Privat Air's

aircraft while on the ground at John F. Kennedy International Airport due to the alleged negligence

of defendant Port Authority of New York and New Jersey ("Port Authority").  Before the court is

the Port Authority's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based on alleged defects

in the service and verification of Privat Air's notice of claim.  Without disputing the alleged defects,

Privat Air opposes the motion claiming substantial compliance with the rules governing the filing

of a notice of claim against a state agency.  For the reasons set forth below, the Port Authority's

motion is granted.

**Discussion**

Defendant Port Authority has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction due to Privat Air's failure to follow the statutory conditions required to maintain suit against the Port Authority. Although the Port Authority refers to its motion as one to dismiss for lack of personal jurisdiction, the issue is actually one of subject matter jurisdiction.

The Port Authority is a government agency of the States of New York and New Jersey and, as such, is immune from suit under the doctrine of sovereign immunity. *See Brooklyn Bridge Park Coalition v. Port Authority of New York and New Jersey*, 951 F. Supp. 383, 387 (E.D.N.Y. 1997). Under the Eleventh Amendment, federal courts do not have jurisdiction to hear suits against states or state entities such as the Port Authority, absent an express waiver of the state's or state entity's immunity. *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999). Thus, if Privat Air has failed to properly invoke the Port Authority's consent to waive the suit, this court lacks subject matter jurisdiction. *See In re S.E.C. ex rel. Glotzer,* 374 F.3d 184 (2d Cir. 2004) ("in the absence of an applicable waiver of sovereign immunity, the district court lacked subject matter jurisdiction."). Accordingly, the court will analyze the motion as one made under Fed. R. Civ. P. 12(b)(1).

In evaluating a 12(b)(1) motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). The plaintiff bears the burden of proving by a preponderance of the evidence that the court retains jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

Under New York State law, the Port Authority consents to being sued so long as the plaintiff meets certain conditions. *Trippe v. Port of New York Authority*, 14 N.Y.2d 119, 124 (1964); *Kyne v. Carl Beiber Bus Services*, 147 F. Supp. 2d 215, 218 (S.D.N.Y. 2001). Pursuant to New York Unconsolidated Laws § 7107, the Port Authority's consent to be sued "is granted upon the condition that . . . a notice of claim shall have been served upon the Port Authority" by the plaintiff. *See* NY Unconsol. Laws § 7107 (McKinney 2006). Such notice must be served on the Port Authority more than sixty days before the suit is commenced, but within one year of the cause of action accruing. *Id.* Aside from being timely served, the § 7107 notice of claim must meet several other requirements. These requirements are set forth in § 7108:

> The notice of claim required by section seven . . . shall be . . . sworn to by or on behalf of the claimant or claimants, and shall set forth (1) the name and post office address of each claimant and of his attorney, if any, (2) the nature of the claim, (3) the time when, the place where and the manner in which the claim arose, and (4) the items of damage or injuries claimed to have been sustained so far as then practicable. Such notice may be served in the manner in which process may be served, or in lieu thereof, may be sent by registered mail to the Port Authority at its principal office.

N.Y. Unconsol. Laws § 7108 (McKinney 2006). In this case, Privat Air timely filed the notice of claim, but failed to meet one or more of the requirements of § 7108. Privat Air argues that the court should excuse its failure to satisfy § 7108 because it complied with § 7107 and the requirements of § 7108 are exclusive of, and less important than, the requirements of § 7107. The court disagrees.

It is well settled that a federal court presiding over an action based on diversity must apply the forum state's substantive law regarding jurisdictional requirements. *See Kernan v. Kurz-Hastings, Inc.,* 175 F.3d 236, 240 (2d Cir. 1999). With respect to claims against a municipal or state entity that would otherwise be immune from suit, a federal court applies the forum state's notice of claim statutes, i.e., those statutes that create jurisdiction where it would not otherwise exist

due to sovereign immunity. *Hardy v. New York City Health & Hospitals Corp.*, 164 F.3d 789, 793 (2d Cir. 1999).

Under New York's substantive law, notice of claim requirements are jurisdictional, and the failure to comply with them ordinarily requires dismissal. *Mroz v. City of Tonawanda,* 999 F. Supp. 436, 454 (W.D.N.Y. 1998); *Davidson v. Bronx Mun. Hosp.*, 64 N.Y.2d 59 (1984). Specifically, courts in New York treat the notice of claim requirements of §§ 7107 and 7108 as jurisdictional prerequisites to a suit against the Port Authority. *See Mulligan v. Port Authority*, No. 02 CV. 6885, 2002 WL 31233245, at *1 (S.D.N.Y. Oct. 4, 2002); *City of New York v. Port Authority*, 284 A.D.2d 195 (1ˢᵗ Dep't. 2001); *Patel v. Port Authority*, 184 A.D.2d 235 (1ˢᵗ Dep't. 1992). Under New York law, the doctrine of substantial compliance is inapplicable to jurisdictional prerequisites for a waiver of sovereign immunity. Moreover, under New York law, consent to sue statutes are strictly construed and defects in a notice of claim that is served upon a state agency may not be waived by the state agency. *City of New York v. Port Authority*, *supra*; *Rao v. Port of New York Authority*, 122 F. Supp. 595, 597 (E.D.N.Y. 1954).

Privat Air urges the court to conclude that compliance with § 7108 is not a condition precedent to the Port Authority's waiver of sovereign immunity. The New York Court of Appeals has not ruled on this issue. As such, the court is bound by the decisions of New York's intermediate courts unless the court believes that the Court of Appeals would reach a different conclusion. *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999). As discussed below, the court has no reason to conclude that the New York Court of Appeals would reach a conclusion different from those of its intermediate courts that have found strict compliance with § 7108 to be a condition precedent to the Port Authority's waiver of sovereign immunity.

Privat Air correctly asserts that most of the cases addressing deficient notice of claims

concern a plaintiff's failure to meet the time requirements of § 7107, not the requirements of § 7108.

*See, e.g., Yonkers Contracting Co. v. Port Authority Trans-Hudson Corp.*, 93 N.Y.2d 365 (1999);

*Lyons v. Port Authority*, 228 A.D.2d 250 (1ˢᵗ Dep't. 1996); *Luciano v. Fanberg Realty Co.,* 102

A.D.2d 94 (1ˢᵗ Dep't. 1984). However, there is little support for Privat Air's proposition that the

requirements of § 7108 are less significant than those of § 7107. In fact, in *City of New York v. Port*

*Authority, supra*, the court, citing § 7108, squarely stated that the trial court " properly dismissed the

complaint for lack of subject matter jurisdiction since plaintiff failed to comply with the specific

requirements for a notice of claim against a state agency." *Id.* at 195. The "specific requirement"

that plaintiff failed to comply with was verification of the notice claim, a requirement found in §

7108.[1] *City of New York v. Port Authority*, Index No. 405231/99, slip op. at 3 (Sup. Ct. N.Y. Co.

May 23, 2000). Similarly, in *Mulligan v. Port Authority of New York*, *supra,* the court struck the

complaint's class allegations in a putative class action against the Port Authority because § 7108

"requires individual application and individual showing of claim and injury." *Id.* at *1. The court

found that satisfying § 7108 was a condition precedent to suing the Port Authority and dismissed the

class allegations because "each putative member of the class has not complied with sections 7107

and 7108." *Id.*

As an alternative argument, Privat Air urges the court to find that a party has met the

jurisdictional requirements if it complies with § 7107 because the requirements of § 7108 are less

important. Although the New York Court of Appeals has not ruled on the issue, this court believes

that the New York Court of Appeals would concur that § 7107 cannot be satisfied unless the

---

[1]     In the case at bar, the plaintiff failed to verify the notice of claim and to send it to
defendant by registered mail.

requirements of § 7108 also have been fulfilled, and substantial compliance with either of the two statutes, which are jurisdictional in nature, is not enough. Thus, the requirements set out in § 7108, like the requirements set out in § 7107, are conditions precedent to the Port Authority's waiver of sovereign immunity. It would be imprudent for this court to believe that the New York Court of Appeals would place greater value on § 7107 than § 7108 because that court stated, in the context of another notice of claim provision, where "the Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained . . . this court may not disregard its pronouncement." *Parochial Bus Systems, Inc. v. Board of Education of the City of New York*, 60 N.Y.2d 539, 549 (1983).

In support of its arguments, Plaintiffs rely heavily on *Asiana Airlines, Inc. v. Port Authority of New York and New Jersey*, a case from this district that addressed a situation similar to the one at bar. 96 CV 1470, 1996 WL 480797 (E.D.N.Y. Aug. 8, 1996). There, the court permitted the claim to proceed even though § 7108 was not complied with. *Id.* Judge Nickerson adopted the reasoning of the New Jersey Supreme Court, which, in interpreting an identical New Jersey statute, held that "technical accuracy is not required . . . substantial compliance suffices." *Zamel v. Port of New York Authority*, 264 A.2d 201, 203 (N.J. 1970). *Zamel* followed a line of New Jersey cases that "construed formal statutory consents to suit in liberal fashion." *Id.* New York courts, on the other hand, strictly construe notice of claim requirements. *Davidson v. Bronx Municipal Hosp.*, *supra*; *Giblin v. Nassau County Medical Center*, 61 N.Y.2d 67 (1984); *Hardy v. New York City Health & Hospitals*, 164 F.3d 789, 793-94 (2d Cir. 1999). The court appreciates the need for consistent enforcement of New York's and New Jersey's statutory prerequisites to suit against the Port Authority, especially because the statutes are identical. *See, e.g., Continental Terminals, Inc. v. The*

*Waterfront Commission of New York Harbor*, 486 F. Supp. 1110, 1113 (S.D.N.Y. 1980) (holding that one of the reasons why federal courts have jurisdiction over bi-state compacts is to allow for uniform construction). However, the court is bound to apply the law of its forum state, New York, as opposed to that of New Jersey, to the question of whether strict compliance with § 7108 is a prerequisite to suits against the Port Authority. *Pahuta*, 170 F.3d at 134. The court leaves it to the New York State courts to determine whether New York's Unconsol. Laws § 7107 and § 7108 should conform to New Jersey's interpretation of its identical statute. *See Austin v. Port Authority*, 91 CV 4185, 1993 WL 149033 *3 (S.D.N.Y. May 5, 1993).

## Conclusion

Based on the forgoing, this court lacks subject matter jurisdiction over Privat Air's claim against the Port Authority because the conditions precedent to a waiver of the Port Authority's sovereign immunity have not been satisfied. Therefore, the Port Authority's motion to dismiss is granted.

SO ORDERED.

DATED:     Brooklyn, New York
          July 19, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge
